UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANGELA RUIZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-24-CV-1039-XR-HJB |
| FRANK BISIGNANO, Commissioner of the Social Security Administration,[1] | § § § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Xavier Rodriguez, United States District Judge:**

This Report and Recommendation concerns Plaintiff's request for review of the administrative denial by the Social Security Administration ("SSA") of her application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act respectively, pursuant to 42 U.S.C. § 405(g). This matter was automatically referred to the undersigned for findings and recommendations pursuant to an October 8, 2019, Division-wide Standing Order.[2] (*See* Text Entry Dated Sept. 16, 2024.)

After considering the parties' briefs (Docket Entries 10 and 11), the transcript of the SSA proceeding (Docket Entry 7) (henceforth "Tr."), the applicable case law, the relevant statutory and

---

[1] Frank Bisignano was sworn in as the Commissioner of the Social Security Administration on May 7, 2025. *See* https://blog.ssa.gov/financial-services-industry-leader-frank-bisignano-to-be-the-18th-commissioner-of-social-security/ (last visited June 23, 2025). Commissioner Bisignano is substituted for former Acting Commissioner Martin O'Malley as the Defendant in this case. *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer . . . ceases to hold office while the action is pending[;] [t]he officer's successor is automatically substituted as a party [and] [l]ater proceedings should be in the substituted party's name.").

[2] The Standing Order is available at the following link: https://perma.cc/2B8U-5P2E.

regulatory provisions, and the entire record in this matter, I recommend that the Commissioner's decision be **VACATED** and the case **REMANDED** for further consideration.

I.      **Jurisdiction.**

This Court has jurisdiction to review the Agency's decision pursuant to 42 U.S.C. § 405(g). The undersigned is authorized to issue this Report and Recommendation pursuant to 28 U.S.C. § 636(c).

II.     **Background.**

Plaintiff filed an application for DIB on July 2, 2021, alleging onset of her disability on February 2, 2020. (Tr. 13.) On the alleged onset date, Plaintiff was a 47-year-old who obtained a GED and a medical assistant degree; from 2012 to 2020, she worked at the Embassy Suites Hotel in downtown San Antonio, Texas.[3] (Tr. 54–55, 257–63.)

After the SSA denied her initial claim and her request for reconsideration, Plaintiff filed a written request for a hearing, which was held before Administrative Law Judge ("ALJ") Melinda Kirkpatrick on December 4, 2023. (Tr. 44–84.) On February 14, 2024, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 13–32.) In her decision, the ALJ followed the five-step sequential evaluation process required under 20 C.F.R. §§ 404.1520(a) and 416.920(a). (Tr. 14–15.)

At step one of the evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of February 2, 2020. (Tr. 16.) At step two, the ALJ found that Plaintiff had the following severe impairments: psoriasis, arthritis, osteoarthritis of the hands, bilateral carpal tunnel syndrome, lumbar degenerative disc disease,

---

[3] The downtown Embassy Suites Hotel is owned by Blanco Rio, LTD, which is the employer listed in the earnings data contained in the record. (*See* Tr. 257–63.)

hepatic steatosis/fatty liver disease, chronic kidney disease, asthma, and obesity. (*Id*.)  At step three, the ALJ found that Plaintiff had no "impairment or combination of impairments that meets or medically equals the severity of one of the impairments" listed in 20 C.F.R. § 404, Subpart P, App. 1 ("the Listings"). (Tr. 19.)

Before reaching step four in the analysis, the ALJ found that Plaintiff retained the residual functioning capacity ("RFC") to perform "light" work as defined in 20 C.F.R. §§ 404.1567(b), and 416.967(b), including the ability to lift and carry up to twenty pounds occasionally and ten pounds frequently, to stand and walk in combination for a total of six hours out of an eight-hour workday, and to sit for a total of six hours out of an eight-hour workday. (Tr. 22.)  But the ALJ also identified several limitations on Plaintiff's RFC:

> [T]he claimant can never climb ladders, ropes and scaffolds; she can occasionally climb ramps and stairs; she can occasionally stoop, kneel, crouch, and crawl; she cannot tolerate exposure to unprotected heights or to hazardous, moving machinery; she can frequently handle and finger bilaterally; she can occasionally operate foot controls; she must avoid concentrated exposure to extreme heat, cold, and vibration and to pulmonary irritants including fumes, odors, dust, gases and poorly ventilated areas.

(*Id*.)

At step four, based on her RFC findings and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff was able to perform some of her past relevant work, either as generally performed in the national economy or as she actually performed the work in the past. (Tr. 30–31.) In making this determination, the ALJ applied the formerly-applicable regulation requiring that past relevant work must have been performed within the last 15 years. (*See* Tr. 30 (citing 20 C.F.R. §§ 404.1565 (2012) and 416.965 (2012)).)  She also applied the requirement that the work meet the definitional limits for "substantial gainful activity" set out in Program Operations Manual System ("POMS") 10501.015. (Tr. 30–31 & n.5.)  Applying these regulations, the ALJ found

3

that Plaintiff was able to perform her past relevant work as a room service clerk and hotel cleaner, both as it is generally performed and as she has actually performed such work, and also that she was able to perform her past relevant work as a banquet server as it is generally performed. (Tr. 31.) The ALJ further found that Plaintiff had engaged in work meeting the threshold for "substantial gainful activity in 2014, 2015, and 2018. (*Id.*) Based on her findings regarding Plaintiff's past relevant work, the ALJ found that Plaintiff was not disabled without reaching the step-five determination of whether she was capable of performing other work in the national economy. (*Id.*; *cf.* Tr. 15 (discussing step five).)

Plaintiff sought review by the Appeals Council on March 4, 2025, and filed a supporting brief on March 29, 2024. (*See* Tr. 5.) While the appeal was still pending, the SSA issued new regulations, reducing the time period for "past relevant work" from work performed in the last 15 years to work performed in the last five years. *See* 20 C.F.R. §§ 404.1565 (effective June 22, 2024) and 416.965 (effective June 22, 2024). Approximately a month later, the Appeals Council denied Plaintiff's request for review, finding "no reason under our rules to review the Administrative Law Judge's decision." (Tr. 1.) In making this determination, the Appeals Council stated that it had "applied the laws, regulations and rulings in effect as of the date we took this action." (*Id.*)

The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner. (*See* Tr. 1–3.) The instant appeal followed. (Docket Entry 1.)

### III. Applicable Legal Standards.

#### A. *Standard of Review.*

In its review, the Court is limited to a determination of whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standard was applied.

4

42 U.S.C. § 405(g); *see Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021).  "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  The Court weighs four elements of proof in determining whether substantial evidence supports the Commissioner's determination: (1) the objective medical facts; (2) the diagnoses and opinions of treating physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work experience.  *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). Substantial evidence will be found lacking only when "there is a conspicuous absence of credible choices or no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citation omitted).  The court may not substitute its judgment for that of the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Conflicts in the evidence and credibility assessments are for the Commissioner to resolve. *Martinez*, 64 F.3d at 174.

While substantial deference is afforded the Commissioner's factual findings, the ALJ's legal conclusions, and claims of procedural error, are reviewed *de novo*.  *Brueggemann v. Barnhart*, 348 F.3d 689, 692 (8th Cir. 2003); *Gutierrez v. Barnhart*, No. 04–11025, 2005 WL 1994289, at *4 (5th Cir. Aug. 19, 2005) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1382–83 (5th Cir. 1988)).  However, in reviewing any claimed error, the Court must determine whether the error was harmless.  Error will not warrant reversal unless a party's substantial rights have been affected, *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007), and procedural errors "constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Alexander v. Astrue*, 412 F. App'x 719, 722 (5th Cir. 2011) (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).

**B.     *Entitlement to Disability Benefits.***

The term "disability" means the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [12] months." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled only if her physical or mental impairment or impairments are so severe that she is unable to do her previous work, and cannot, considering her age, education, and work experience, participate in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work is available in the immediate area where she lives, whether a specific job vacancy actually exists, or whether she would be hired if she applied for such work. *Id*. § 423(d)(2)(A).

**C.     *Evaluation Process and Burden of Proof.***

SSA regulations require that disability claims be evaluated according to a five-step process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2012). At the first step, the Commissioner determines whether the claimant is currently engaged in substantial gainful activity. *Id*. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is found to be gainfully employed, then she is not disabled regardless of her medical conditions, age, education, or work experience. *Id*. §§ 494.1520(b), 416.920(b). At the second step, the Commissioner determines whether the claimant's impairment is severe. *Id*. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Absent a severe impairment, a claimant is not disabled. *Id*. §§ 404.1520(c), 416.920(c). At the third step, the Commissioner compares the severe impairment with those in the Listings. *Id*. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see* 20 C.F.R. § 404 Subpart P, App'x 1. If the severe impairment meets or equals an impairment in the Listings, then the claimant is deemed disabled regardless of other factors such as her age,

education, or work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d); *see Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

If the severe impairment is not in the Listings, then the Commissioner must proceed to the fourth step: determining the claimant's RFC and reviewing the demands of her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is still able to perform her past work, then she is not disabled. *Id.* §§ 404.1520(f), 416.920(f). But if the claimant is unable perform her past work, then the Commissioner must continue to the fifth and final step: evaluating the claimant's ability—given her residual capacities, age, education, and work experience—to do other work. *Id*. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Only if she cannot perform any other work will the claimant be found to be disabled. *Id.*, §§ 404.1520(g), 416.920(g).

The claimant bears the burden of proof during the first four steps of the evaluation process. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). But once the claimant has shown that she is unable to perform her previous work, the burden shifts to the Commissioner to show that there is other substantial gainful employment available to the claimant that she is physically able to perform—and to maintain for a significant period of time—taking into account her exertional and non-exertional limitations. *Watson v. Barnhart*, 288 F.3d 212, 217 (5th Cir. 2002). If the Commissioner identifies other work that the claimant is capable of performing under the ALJ's RFC assessment, then the burden shifts back to the claimant to prove that she is unable to perform that work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989). A finding that a claimant is not disabled at any point throughout the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

IV.     **Analysis.**

Plaintiff argues that the ALJ erred in concluding that she was able to perform her past work. (Docket Entry 10, at 3.) As noted above, the ALJ relied on a 15-year window for "relevant past work"—as established by a now-superseded version of 20 C.F.R. § 404.1560—in determining that Plaintiff was able to perform her past relevant work as a room service clerk and hotel cleaner as it is generally performed and as the claimant actually performed that work, and that she was also able to perform her past relevant work as a banquet server as it is generally performed. (Tr. 31.) Plaintiff raises numerous challenges to the ALJ's determination, but only one need be considered by the Court: whether the ALJ made any finding of "past relevant work" within the 5-year window established by the current regulations. Because the ALJ did not, and because it cannot be said that this legal error is harmless, remand for additional findings is appropriate.

At the time of the ALJ's hearing and decision, the applicable SSA regulations defined "past relevant work" as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." *See* 20 C.F.R. § 404.1560(b)(1)(i) (2012); *cf.* 20 C.F.R. §§ 404.1565(a), 416.960(b)(1)(i), and 416.965(a) (2012) (applying 15-year window). Those regulations were supplanted while Plaintiff's case was pending before the Appeals Council; the 15-year window was reduced to a five-year window. *See* 20 C.F.R. §§ 404.1560(b)(1)(i), 404.1565(a), 416.960(b)(1)(i), and 416.965(a) (all eff. June 22, 2024). As the regulation was not in effect at the time of the hearing, the ALJ made no findings regarding past relevant work during the pertinent five-year window; the Appeals Council, while purporting to apply the current regulations, did not acknowledge the issue at all. (Tr. 1.)

On appeal, Plaintiff argues that the five-year window applies to her case and requires remand. (Docket Enty 10, at 14–17.) She argues that most of the jobs that the ALJ found relevant

falls outside of the applicable five-year window. (*Id.* at 17, 18.)[4]  In support, Plaintiff cites a district court decision from Nebraska in which remand was ordered in light of the changed regulation. *See Henrickson v. O'Malley*, No. 8:23CV320, 2024 WL 4169548, at *4 (D. Neb. Sept. 12, 2024).

The Commissioner responds to Plaintiff's argument in a single paragraph. (Docket Entry 11, at 7.)  In it, the Commissioner does not mention the change in the applicable regulations, the ALJ's reliance on the now-superseded 15-year window, the Appeals Council's decision purporting to rely on the five-year window, or the *Henrickson* case.  Instead, the Commissioner disputes Plaintiff's claim that only one of her jobs—"hotel manager's receptions" [sic]—fell within the five-year window. (*Id.*)

The Commissioner's argument provides no basis for affirming its denial of benefits.  The Commissioner does not dispute that the new five-year window applies to Plaintiff's case—a point that would be hard to argue in light of the reasoning in *Henrickson*, which the Commissioner does not challenge, and the Appeals Council's own statement that it was applying the current regulations. (Tr. 1.)  Nor does the Commissioner dispute that the ALJ did not apply the five-year window in making her determination. (*See* Tr. 31.)  In adopting that determination, the Commissioner committed legal error. *See General Land Office v. U.S. Dep't of the Interior*, 947 F.3d 309, 320 (5th Cir. 2020) (collecting cases).

The Commissioner's error cannot be considered harmless.  Had the five-year window been applied to Plaintiff's case, it is far from clear which of her jobs might qualify as past relevant work, if any.  The ALJ, Plaintiff, and vocational expert had a lengthy exchange on the subject during the

---

[4] Plaintiff measures the five-year window from February 14, 2019—five years before the date of the ALJ's decision. (*Id.* at 17.)  The Commissioner has not disputed this calculation.

hearing that was far from conclusive, particularly as to the dates worked for each job that Plaintiff had performed. (*See* Tr. 56–59.) Indeed, it is not clear from the record that Plaintiff had *any* past relevant work within the five-year window, at least as defined by the SSA regulations. As noted by the ALJ, such work must meet the definition of "substantial gainful activity." (Tr. 30.)[5] The last year for which the ALJ found Plaintiff's work to meet the earnings threshold for that definition was 2018—outside the five-year window. (Tr. 31.) For 2019, Plaintiff's earnings totaled $9,676.03 (Tr. 262); averaged at a monthly rate, the total would equate to $806.33 per month—which is substantially below the monthly earnings minimum set by POMS. *See* POMS 10501.015, Table 2 (setting 2019 monthly earnings minimum $1,220).

Of course, such determinations are for the Commissioner to make in the first instance, not the Court in an appellate posture. However, in light of the record and the findings that the ALJ did make, it cannot be said that the Commissioner's failure to consider Plaintiff's case under the applicable regulation for past relevant work was harmless. *See Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021) ("Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err.").

**V.    Conclusion and Recommendation.**

Based on the foregoing, I recommend that the Commissioner's decision denying Plaintiff's application for DIB and SSI be **VACATED** and that this matter be **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this recommendation.

**VI.    Instruction for Service and Notice of Right to Object.**

The Clerk of the Court shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing

---

[5] *See* 20 C.F.R. §§ 404.1560(b)(1)(i), 416.960(b)(1)(i) (2024).

user," or (2) by mailing a copy to those not so registered by certified mail, return receipt requested. The parties must file written objections, if any, to this Report and Recommendation **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which their objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on June 26, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge